**Max ABRAMSON et al., Appellants,**

**v.**

**John N. MITCHELL, Attorney General of the United States, et al., Appellees.**

**No. 71–1556.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1972.

Decided May 8, 1972.

———◆———

Oscar B. Goodman, Goodman & Snyder, Las Vegas, Nev., Zweiback & Laughlin, Omaha, Neb., for appellants.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellees.

Before Mr. Justice CLARK,* and VOGEL and LAY, Circuit Judges.

Mr. Justice CLARK *:

■ While the Complaint here is not a gem of clarity, we construe it to allege that the appellees have violated the Fourth Amendment rights of the appellants in that they have intercepted their telephone and other conversations without probable cause; that the Omnibus Crime Act, 18 U.S.C. §§ 2516–2519, is unconstitutional and that a three-judge court should be convened to decide the issue;[1] and that, if in error as to this, that appellees have tapped their lines without complying with the provisions of the Act. They seek both injunctive relief and damages. The appellees answered individually and moved to dismiss the complaint asserting, inter alia, the defenses of governmental immunity and good faith reliance on the court order previously issued. The trial court

---

* Associate Justice of the United States Supreme Court, Retired, sitting by special designation.

1. We do not consider the questions of the constitutionality of the Act nor of the request for a three-judge court, both of which were prayed for in the complaint but were not pursued here.

thereafter dismissed the suit finding that the Judge himself had entered the order authorizing the wiretap and that the court was satisfied that the application and the order were in strict compliance with the Act; that the order was based on probable cause and that the officers' reliance on the order was in good faith. This may well be true but we believe that the trial court should have held a hearing at which the application, the order and such other relevant evidence could have been produced and a decision thereon reached. We therefore reverse and remand for a plenary hearing.

Title 18 U.S.C. § 2520(1) provides a civil cause of action against "any person who intercepts . . . or procures any other person to intercept" wire or oral communications in violation of the Act. The same section provides a statutory defense against the suit if the interception was made with good faith reliance on a court order.

■■■ The difficulty here is that since the suit was dismissed on the pleadings, we do not have the necessary evidence before us upon which to pass on the trial court's finding. The statute, as we read it, does not say that the court order which the Act authorizes, serves as a complete bar to a damage action. It may be that the application for the wiretap itself is defective even though it states probable cause for a search. Cf. United States v. Robinson, 10 Cr.L. 2281 (5 Cir., Jan. 12, 1972); United States v. Focarile, 11 Cr.L. 2008 (D.Md., March 7, 1972). Missing from the record here is the wiretap application, the supporting affidavits and other evidence which would go to the good faith of the interception. The record only shows that appellants have stated a claim for relief and that the appellees have denied the same and have pled an affirmative defense. However the court in dismissing the case, took into account matters outside the pleading. This is

not in accordance with the Federal Rules of Civil Procedure. When a district court passes upon a motion to dismiss based in part on the alleged failure to state a claim upon which relief can be granted, it is necessary that both sides be given an opportunity to address themselves to the issue involved. Potter v. Meier, 458 F.2d 585 (8 Cir., 1972). Where matters outside the pleadings must be considered, the court is required by Rule 12(b) and (c) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56. Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); Wright, Law of Federal Courts § 66, p. 279 (Second Edition 1970). Under the present state of the record, it is impossible for us to say there is no genuine issue as to any material fact. The judgment is therefore reversed and remanded.[2]

---

2. In view of our holding we pretermit any ruling on the defense of immunity raised by the parties defendant. This issue may

be fully explored when the record is complete.