Edward KUHN, Appellant,

v.

NATIONAL ASSOCIATION OF LET-
TER CARRIERS, BRANCH 5,
et al., Appellees.

No. 75–1055.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1975.

Decided Jan. 7, 1976.

Benjamin M. Wall, Omaha, Neb., for
appellant. Rebuttal by Mr. Wall.

Stephen L. Muehlberg, Asst. U. S. Atty., Omaha, Neb., for Postal Service.

Denis F. Gordon, Washington, D. C., for Union.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Edward Kuhn was employed by the United States Post Office Department as a janitorial employee on March 18, 1968. On August 10, 1970, the Department notified Kuhn by letter that it intended to discharge or to take other disciplinary action against him for various unexcused absences. He was given an opportunity to reply to the letter in writing or in person. Kuhn, who had joined the defendant Unions in the spring of 1970, sought assistance from Branch 5 of the National Association of Letter Carriers. The President of that organization agreed to assist him and accompanied him to an informal meeting on September 9, 1970, with the Chief of the Employment and Services Section of the Post Office Department. On October 7, 1970, the Department notified Kuhn by letter that it had decided to remove him from the Postal Service with the closing of business on Friday, October 23, 1970. The letter advised him of his right to appeal the adverse decision either to the Director of the St. Louis Regional Office of the United States Civil Service Commission or to the Regional Director of the Post Office Department in Wichita, Kansas. It also explained appeal procedures, including time limitations.[1] No copy of the notice of discharge was mailed to the defendant Unions. Neither Kuhn nor the defendant Unions filed a notice of appeal within the required time period of fifteen days. Thereafter, Kuhn attempted to have the matter reopened with the Civil Service Commission. He was unsuccessful. The Unions attempted to have the matter reopened by the Post Office Department. They, too, were unsuccessful.

On April 4, 1972, Kuhn commenced an action in the United States District Court for the District of Nebraska against Branch 5 of the National Association of Letter Carriers and the National Association of Letter Carriers. He alleged that he was a member of these Unions, that they had undertaken to represent him in disciplinary proceedings leading to his discharge, and that they had breached their duty of fair and adequate representation by:

> [F]ailing to secure evidence acceptable to the Postal Service relating to the excuse of plaintiff's absences, such evidence being available, when it knew or should have known from the notice of proposed disciplinary action that the Department or the Postal Service had already determined the statement signed by plaintiff's wife to be unacceptable and when it found during the course of the hearing that the Department or Service still would not accept such statement[,]

and by:

> [F]ailing to promptly file an appeal from the adverse decision of October 7, 1970.[2]

He claimed compensatory damages in the amount of $150,000 and punitive damages in the amount of $250,000.[3]

---

1. The letter further stated that if Kuhn elected, within ten days of receipt of the letter, to appeal through the Post Office Department's appeal procedure, he would be kept on the payroll until a decision had been rendered at the first appellate level. The termination date was subsequently extended to November 6, 1970.

2. Kuhn stated, in answers to interrogatories and at deposition, that he personally contacted the President of Branch 5 within a few days of receipt of the adverse decision, well within the time allowed for depositions, and asked the President to file a notice of appeal. He stated that the President agreed to file a timely appeal. The President testified, in deposition, that he was not contacted by Kuhn until long after the time for appeal had expired.

3. The District Court correctly read the complaint as alleging a federal claim for violation of a statutory duty to fairly represent all employees in an exclusive bargaining unit, *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Steele v. Louisville & Nashville R. R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173

On May 15, 1972, separate motions to dismiss were filed by Branch 5 on the grounds that the complaint failed to state a claim on which relief could be granted, and by the National Association on the grounds that it had not been properly served. The District Court denied both motions.

On August 6, 1973, the National Association and Branch 5 requested the court enter an order joining the United States Postal Service as a party defendant. The District Court granted this motion.

Kuhn filed an amended complaint on September 7, 1973. He alleged that the United States Post Office Department, predecessor of the United States Postal Service, had wrongfully discharged him in violation of law, postal regulations and the collective bargaining agreement between the Postal Service and the defendant Unions. He further alleged that the United States Post Office Department had denied him administrative due process by failing to give him a pre-discharge fair hearing before an impartial tribunal, by failing to notify the Unions of its final decision to discharge him, and by failing to accept a statement by his wife as conclusive evidence that he was absent from work because of a disabling disease.

On January 14, 1974, the United States Postal Service moved to dismiss the complaint on the grounds that the court lacked jurisdiction over the subject matter of the action, and that the complaint failed to state a claim upon which relief could be granted.

On January 21, 1974, the defendant Unions again moved to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted. They argued specifically that the Unions had no statutory duty to fairly represent Kuhn because he was not employed in a unit for which the Unions had exclusive bargaining rights. They alternatively requested that their motion for summary judgment be granted because the record, including the pleadings, exhibits, answers to interrogatories and depositions, conclusively established that Kuhn was discharged for cause, and that neither defendant intentionally or invidiously discriminated against him. The court denied the motions of the Postal Service and the defendant Unions on March 29, 1974.

On June 25, 1974, the court reconsidered its March 29 order and dismissed the complaint as to all of the defendants without prejudice to Kuhn to file appropriate charges with the National Labor Relations Board. The court held that any statutory duty of fair representation was cognizable only by the National Labor Relations Board, and that it would not exercise pendent jurisdiction to determine whether the Union had a contractual duty to represent Kuhn fairly and, if so, whether that duty had been breached.

With respect to the Postal Service, the court reasoned:

> The Court finds that the portion of this suit directed against the Postal Service should also be decided by the National Labor Relations Board. The existence of a special ·jurisdictional statute, 39 U.S.C. § 409, does not mandate this Court's assumption of jurisdiction, especially here where the statute in question is directed toward suits involving lost mail, leases of equipment, etc. In addition, the National Labor Relations Board has the primary jurisdiction over unfair labor practices in spite of concurrent jurisdiction in the federal courts.

Thereafter, Kuhn moved for and was granted a reconsideration of the court's order. He was, however, denied relief. The court gave an additional ground for dismissing the complaint against the defendant Unions: there was no showing

(1944); *Augspurger v. Brotherhood of Locomotive Engineers,* 510 F.2d 853 (8th Cir. 1975), and a state claim for violation of a contractual duty to fairly represent Kuhn arising out of his membership in the defendant Unions and their agreement to process his discharge grievance to completion.

of union hostility, arbitrariness, discrimination or unfair treatment towards Kuhn. The court stated that "at most the Union was careless in its treatment of plaintiff's grievances."

Kuhn appeals from the District Court's orders of June 25, 1973, and December 20, 1974.

■ The District Court erred in holding that any federal statutory duty of fair representation was cognizable only by the National Labor Relations Board. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). But its decision to dismiss the complaint as to the defendant Unions on federal statutory grounds must be affirmed for another reason.[4] Neither Branch 5 nor the National Association was the exclusive bargaining agent of the employees in a bargaining unit in which Kuhn was employed.[5] Such exclusive representation is a necessary prerequisite to a statutory duty to represent fairly. As the Supreme Court stated in *Vaca v. Sipes, supra* at 177, 87 S.Ct. at 909:

> It is now well established that, as the exclusive bargaining representative of the employees in Owens' bargaining unit, [a] Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining with [an employer] * * * and in its enforcement of the resulting collective bargaining agreement * * *. The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certi-

fied as exclusive bargaining representatives under the Railway Labor Act * * * and was soon extended to unions certified under the N.L.R.A. * * *. Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. (Citations omitted.)

Also, the record shows conclusively that the National Association was under no duty, either statutory or contractual, to Kuhn. It played no part whatsoever in advising or consulting with Kuhn with respect to the grievance and was in no way responsible for the failure, if any, of Branch 5 to properly present Kuhn's case at the informal appearance before the postal authorities or in failing to file a notice of appeal within the appropriate time limits.

■ The District Court's dismissal of Kuhn's claim against the Postal Service is also affirmed. Assuming, for the purposes of this opinion, that the District Court had jurisdiction to hear the claim, the record clearly shows that Kuhn failed to exhaust his administrative remedies before either the Postal Service or the Civil Service Commission prior to bringing his action in District Court. Such exhaustion is required. *See American Fed. of Gov. Emp. Local 1904, Local 1498 v. Resor,* 442 F.2d 993 (3rd Cir.

---

4. This Court stated in *United States Gypsum Co. v. Grief Bros. Cooperage Corp.,* 389 F.2d 252, 262 (8th Cir. 1968):

   In appellate review the District Court judgment may be sustained, if a right result is reached, on theories other than the one applied by that court. (Citations omitted.)

   We treat the dismissal as a summary judgment, for, in addition to the pleadings, exhibits, answers to interrogatories and affidavits were presented for consideration. *See Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Abramson v. Mitchell,* 459 F.2d 955, 957 (8th Cir. 1972). The record made below fairly presents the issue. Accord-

ingly, it is appropriate in the interests of judicial economy that we determine the question at the appellate level. *See Sellers v. Regents of University of California,* 432 F.2d 493, 496 (9th Cir. 1970), *cert. denied,* 401 U.S. 981, 91 S.Ct. 1194, 28 L.Ed.2d 333 (1971); *Smith v. Government of Virgin Islands,* 329 F.2d 135, 142 (3rd Cir.), *cert. denied,* 377 U.S. 979, 84 S.Ct. 1886, 12 L.Ed.2d 747 (1964).

5. The record shows that the National Association was and is the exclusive bargaining agent for letter carriers only. The exclusive bargaining rights for maintenance employees rests with another union.

1971); *Kessler v. General Services Administration,* 341 F.2d 275 (2nd Cir. 1964) (per curiam); *Hills v. Eisenhart,* 256 F.2d 609 (9th Cir.), *cert. denied,* 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70 (1958). The fact that Kuhn was denied a hearing by reason of late filings does not obviate the necessity of exhaustion. *See Olinger v. Partridge,* 196 F.2d 986 (9th Cir. 1952). Had the late filings resulted from a breach of duty to fairly represent by an exclusive bargaining agent, we would have had another case. *See Vaca v. Sipes, supra,* 386 U.S. at 197, 87 S.Ct. 903. In that event, the action could have been maintained against both the offending Union and the Postal Service.

■■■ The District Court's dismissal of Kuhn's state claim based on an alleged contractual duty of fair representation is reversed. The court refused to exercise pendent jurisdiction, as we have previously indicated, in the mistaken belief that an alternative remedy was available before the National Labor Relations Board. Under these circumstances, we think it appropriate to remand the matter to the District Court with instructions for it to determine, in the light of appropriate standards,[6] whether it will hear and decide Kuhn's contractual claim against Branch 5. In remanding this phase of the case to the District Court, we do not intimate that it would be inappropriate, if it decides to exercise pendent jurisdiction, to decide the matter on the basis of a motion for a summary judgment.

We affirm the District Court's dismissal of Kuhn's complaint against the National Association and the United States Postal Service. We also affirm its dismissal against Branch 5 insofar as Kuhn's cause of action related to an alleged breach of a federal statutory duty to fairly represent him. We reverse the District Court's dismissal of Kuhn's action against Branch 5 based on an alleged breach of its contractual duty to fairly represent him. We remand that issue to the District Court for action consistent with this opinion.

---

6. Kuhn has no absolute right to have his state claim tried in federal court. Pendent jurisdiction is a doctrine of discretion that, in application, turns on considerations of judicial economy, convenience and fairness to the litigants. *Moor v. County of Alameda,* 411 U.S. 693, 712, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). The early dismissal of the federal claim is one factor tending to support dismissal of the state claim as well, *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), but it is not determinative. The amount of judicial time and energy invested,

the difficulty of the state claim and the amount of additional time and energy necessary for its resolution should also be considered. *See Moor v. County of Alameda, supra,* 411 U.S. at 716, 93 S.Ct. 1785; *Rosado v. Wyman,* 397 U.S. 397, 404–405, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Springfield Television, Inc. v. City of Springfield, Mo.,* 462 F.2d 21, 23–24 (8th Cir. 1972). Also pertinent is the availability of a state forum. In this regard, we note that Nebraska's statutory period of limitations on an action upon a written contract is five years. R.R.S.Neb. 25–205.