**Dana L. MILLER, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. No. 81–0–569.**

United States District Court, D. Nebraska.

March 18, 1982.

James B. Cavanagh, Omaha, Neb., for plaintiff.

Barbara W. Zandbergen, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter comes before the Court on the motion of the defendant, Union Pacific Railroad Company, to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b).

On October 27, 1981, the plaintiff, Dana Miller, filed a two-count complaint against the defendant. In Count I, the plaintiff alleges that he is a handicapped person within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and seeks damages, as well as equitable relief, under Section 503 of that Act, 29 U.S.C. § 793, on the theory that he was discriminatorily denied employment by the defendant on the basis of a physical handicap. In Count II, the plaintiff seeks damages and equitable relief under the Nebraska Fair Employment Practices Act (Nebraska FEPA), Neb.Rev.Stat. §§ 48–1101, *et seq.*, on the same theory. The defendant now moves to dismiss Count I of plaintiff's complaint for failure to state a claim upon which relief can be granted, and to dismiss Count II for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. For the reasons that follow, the Court concludes that defendant's motion to dismiss should be sustained and plaintiff's complaint dismissed.

In Count I, plaintiff has pleaded violations of Section 503 of the Rehabilitation Act of 1973, which provides in pertinent part:

Employment under Federal Contracts.

(a) Any contract in excess of $2,500 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that, in employing persons to carry out such contract the party contracting with the United States shall take affirmative action to employ and advance in employment qualified handicapped individuals as defined in section 706(6) of this title. The provisions of this section shall apply to any subcontract in excess of $2,500 entered into by a prime contractor in carrying out any contract for the procurement of personal property and nonpersonal services (including construction) for the United States. * * *.

(b) If any handicapped individual believes any contractor has failed or refuses to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may file a complaint with the Department of Labor. The Department shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant, consistent with the terms of such contract and the laws and regulations applicable thereto.

29 U.S.C. § 793.

The statute by its terms does not expressly provide for a private right of action in district court. However, this silence is not alone determinative. *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). As such, the courts are faced with the question of whether Congress, despite its silence on the matter, intended a private right of action under Section 503. The plaintiff in the instant case urges that an application of the analysis employed by the Supreme Court in *Cort v. Ash, supra*, demonstrates that a private cause of action

should be implied. However, this Court finds the recent decision of the Eighth Circuit in *Simon v. St. Louis County*, 656 F.2d 316 (8th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982), dispositive of that issue. In *Simon*, the Court stated that having examined the factors in *Cort v. Ash, supra*, it found itself in agreement with the analysis in *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1237–44 (7th Cir. 1980) and *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1078–85 (5th Cir.), *cert. denied*, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980), both of which held that there is no private right of action pursuant to Section 503. *Id.* at 318–19. *Accord, Fisher v. City of Tucson*, 663 F.2d 861 (9th Cir. 1981); *Davis v. United Airlines, Inc.*, 662 F.2d 120 (2d Cir. 1981); *Hoopes v. Equifax, Inc.*, 611 F.2d 134 (6th Cir. 1979).

Accordingly, since this Circuit has held that no private right of action exists under Section 503, Count I of the plaintiff's complaint must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

■ In Count II of his complaint, the plaintiff incorporates the allegations of Count I and further alleges that defendant's refusal to hire him was also a violation of the Nebraska FEPA, Neb.Rev.Stat. §§ 48–1101, *et seq.* Plaintiff, in his brief in opposition to defendant's motion to dismiss, concedes that this Court has subject matter jurisdiction of Count II, if at all, only under its exercise of pendant jurisdiction. *See United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1969). Under the circumstances of this case, the Court declines to exercise pendant jurisdiction and finds that the pendant state law claim should be dismissed without prejudice to plaintiff's right to bring the claim in state court.

■ The Supreme Court in *United Mineworkers v. Gibbs, supra*, stated that if federal claims are dismissed before trial, "the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. However, as long as the federal claim is not dismissed for insubstantiality, the *Gibbs* dic-

tum is not a restriction on a court's power, but rather a guide to the exercise of its discretion. *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1346 (8th Cir. 1980). In such a case, early dismissal of the federal claim is one factor tending to support dismissal of the state claim, but is not determinative. *Kuhn v. National Ass'n of Letter Carriers*, 528 F.2d 767, 771 n. 6 (8th Cir. 1976).

Claims are "insubstantial only if the prior decisions inescapably render the claims frivolous * * *." *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973). In the instant case, the Court finds that the plaintiff's federal claim cannot be characterized as insubstantial. The Court in *Simon v. St. Louis County, supra*, although ultimately finding that no private right of action exists pursuant to Section 503, noted that district court decisions on this issue are fairly evenly divided, and that not all of the circuit courts have decided the issue. *Id.* at 319 n. 5. In view of this split of authority and the lack of a definitive Supreme Court ruling on the issue, it cannot be said that "prior decisions inescapably render the [claim] frivolous."

■ Therefore, the question remains whether, under the circumstances of this case, the state claim ought to be tried in a federal forum. The additional factors appropriate for consideration are the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum. *Kuhn v. National Ass'n of Letter Carriers, supra*, 528 F.2d at 771 n. 6.

It is after having weighed these considerations that the Court declines to exercise pendant jurisdiction in this case. The Court is primarily influenced by the desire to avoid the needless federal resolution of important questions of state law. Plaintiff's state law claim is based upon the Nebraska FEPA and he seeks to recover under Neb. Rev.Stat. § 48–1104. That section provides:

Unlawful employment practice for an employer. It shall be an unlawful employment practice for an employer:

(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin; or

(2) To limit, advertise, solicit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect such individual's status as an employee, because of such individual's race, color, religion, sex, disability, marital status, or national origin.

It is clear that neither § 48–1104, nor any other section of the Nebraska FEPA, expressly provide a private judicial right of action to persons claiming to be aggrieved by an employer's unlawful employment practice. *Compare* § 48–1008 of Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb.Rev.Stat. §§ 48–1001, *et seq.* However, §§ 48–1116–20 of the Nebraska FEPA do provide a comprehensive administrative remedy to persons claiming to be so aggrieved, with an appeal of an order of the administrative tribunal to state district court.

This Court is unaware of any decision of the Nebraska Supreme Court on the issue of whether a private judicial right of action may be implied under § 48–1104 and declines to decide that issue where it could be definitively decided in state court should this Court conclude not to exercise pendent jurisdiction. Moreover, even assuming that a private right of action may be implied, undoubtedly the question would arise whether plaintiff would first be required to exhaust his administrative remedies under the Nebraska FEPA before seeking judicial relief. Plaintiff does not allege in Count II of his complaint that he has exhausted such administrative remedies. Dismissal of plaintiff's state law claim without prejudice

in the instant case will also allow the parties to obtain a definitive ruling on any exhaustion issue which may arise in state court, thereby "procuring for them a surerfooted reading of applicable law." *United Mineworkers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. As the Supreme Court has noted, "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Id.*

The Court foresees no significant increase in inconvenience to the parties involved in pursuing the state law claim in state court rather than federal. The plaintiff has suggested no bar to the availability of a state forum and any discovery accomplished to date in this matter can be used in the state litigation. Also, the federal claim having been dismissed on the pleadings, the amount of additional time and energy necessary for its resolution far outweighs the amount of judicial time and energy already invested in it.

Accordingly, a separate order shall issue this date dismissing the plaintiff's federal claim with prejudice and dismissing the pendant state law claim without prejudice.