Robert GRANT, Plaintiff,

v.

BURLINGTON INDUSTRIES, et al., Defendants.

No. 85 C 06391.

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1985.

Cornfield & Feldman, Chicago, Ill., for plaintiff.

Carmell, Charone, Widmer & Mathews, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Plaintiff Robert Grant is a member of the local union formally named the International Brotherhood of Teamsters, Chauf-

feurs, Warehousemen and Helpers of America Local 710 ("Local 710"). Grant was employed by Employer's Resources, Inc. ("Employer's"), and in such capacity performed work at Burlington Industries ("Burlington") until certain events arose which resulted in Grant's dismissal. Local 710 is affiliated with a body known as Joint Council 25, Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Joint Council"). Joint Council is an intermediary union body having the responsibility of reviewing the conduct of the officers and agents of Local 710. Grant has brought this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. §§ 1331, 1337 against Employer's, Burlington, Local 710, and Joint Council. Against Employer's and Burlington, Grant charges that the manner in which he was discharged from employment violated the terms of the collective bargaining agreement existing between Local 710 and those two defendants. Grant charges that Local 710 and Joint Council violated the duty of fair representation owed to Grant by not properly handling Grant's grievance filed in protest of his discharge. Presently before the court is Joint Council's motion to dismiss Grant's claim against it for failure to state a claim upon which relief can be granted. Specifically, Joint Council maintains that since it is not a labor organization, nor Grant's collective bargaining representative, nor a party to any collective bargaining agreement with Grant's employers, it does not owe Grant a duty of fair representation or, for that matter, a federally-based labor contract obligation. Joint Council has also asked the court to award it attorney's fees and costs incurred in connection with this action on the grounds that Grant's claim against it was brought unreasonably or in bad faith. For the reasons stated below, I agree that Grant does not state a claim against Joint Council under the facts alleged in the complaint, but decline to impose a sanction of fees and costs against Grant.

The complaint alleges the following further facts. Local 710, Grant's union, is a party to a collective bargaining agreement with Employer's and Burlington covering employees performing functions for Burlington at its Oak Lawn facility. Grant is one of the employees covered by the agreement. On January 9, 1985, Grant was informed of his immediate termination from employment for allegedly refusing to follow a work instruction by an agent of Burlington on January 8, 1985. On January 10, 1985, Grant filed a grievance with Local 710 protesting his discharge as lacking just cause. On or about January 14, 1985, Grant received a notice from Local 710 and Alex Kern, a business agent employed by Local 710 to represent employees of Employer's at Burlington like Grant with respect to filed grievances, that a hearing would be held on his grievance before a joint Employer and Union Committee on January 30. The hearing was held as scheduled and after twenty minutes given to review Grant's grievance, the joint Employer-Union Committee upheld Grant's discharge. Grant then filed charges before Joint Council, claiming that the joint Employer-Union Committee failed to adequately and fairly consider Grant's grievance. The Joint Council sustained the action of the Local 710 members of the joint Employer-Union Committee.

### Discussion

In order for Grant to state a claim against Joint Council, he must establish either that Joint Council is a labor organization and party to a contract with Grant's employer, or that Joint Council owes Grant a duty of fair representation. If the former theory is true, then Section 301(a), which gives federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" would provide Grant with a basis for his claim. If only the latter theory is true, then Sections 1331 and 1337, authorizing jurisdiction over claims involving federal laws, would provide jurisdiction. The relevant "law" in this latter case (the claim for unfair representation) would be 29 U.S.C. § 159(a).

This statute, from which the duty of fair representation has been implied, describes the congressional grant of exclusive recognition accorded the labor organization selected by a majority of the employees in an appropriate bargaining unit. This duty imposes on the statutory representative an obligation to serve the interests of all bargaining unit employees without hostility to any. *See Steele v. Louisville & Nashville Railroad,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). I address these two theories separately.

### The Labor Organization Theory

Grant cannot predicate his claim on Section 301 because I find that Joint Council is not a labor organization within the meaning of the National Labor Relations Act ("NLRA"), and therefore it is not amenable to a suit for violation of a contract between an employer and labor organization. The NLRA defines "labor organization" as follows:

> (5) The term "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C. § 152(5). As Joint Council correctly points out, in order for it to be a labor organization, it must be both an entity "in which employees participate" and exist for the purpose of dealing with employers concerning employee wages, hours or conditions of employment. The uncontradicted affidavit of Robert N. Meidel, Secretary-Treasurer of Joint Council, states clearly that neither of these two conditions is met: "Local unions affiliated with the International Union, not employees, participate in [Joint Council]." Meidel Aff. ¶ 4. Furthermore, Joint Council "does not represent employees for purposes of collective bargaining with employers." *Id.* Finally, even if Joint Council were deemed a labor organization, it is in any event "not a party

to any collective bargaining agreement with Burlington Industries, or Employer's Resources, Inc. . . . ." *Id.* Therefore, Grant can state no claim against Joint Council based on the breach of a collective bargaining agreement. In short, the labor organization theory for a claim against Joint Council is unavailing.

### The Fair Representation Theory

The duty of fair representation arises from a labor organization's exclusive status as the sole representative of employees who have, by majority vote, selected it. *Ford Motor Co. v. Huffman,* 345 U.S. 330, 337, 73 S.Ct. 681, 685, 97 L.Ed. 1048 (1952). In order for an entity to be subject to the duty of fair representation, it must therefore enjoy this exclusive representative status. *Kuhn v. National Association of Letter Carriers, Branch 5,* 528 F.2d 767, 770 (8th Cir.1976). When an entity is neither the bargaining representative for an employee nor a party to the collective bargaining agreement under which the employee receives her or his rights then it clearly cannot serve as the employee's exclusive representative and should not be subject to the fair representation duty. *Baker v. Newspaper and Graphic Communications Union, Local 6,* 628 F.2d 156 (D.C.Cir.1980) (fair representation action against international union could not be brought when international was neither bargaining representative nor party to collective bargaining agreement); *Teamsters Local Union No. 30 v. Helms Express, Inc.,* 591 F.2d 211, 217 (3d Cir.), *cert. denied,* 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979) (similar); *Neiger v. Sheet Metal Workers International Association,* 470 F.Supp. 622, 630 (W.D.Mo.1979) (similar). This rule applies with equal force to a council of unions, the entity involved in this case. *See Teamsters Local Union No. 30 v. Helms Express, Inc.,* 591 F.2d at 217 (conference of local unions not party to collective bargaining agreement and not statutory representative of any employee; no fair representation claim could be stated against it).

█ The facts here bring this case within the rule established by the preceding authorities. As stated before, the Meidel affidavit states that Joint Council was neither a bargaining representative for Grant nor a party to the bargaining agreement under which Grant claims his rights. The complaint never even alleges that Joint Council is a bargaining representative for Grant, let alone the exclusive one. The only bargaining representative for Grant referred to in the complaint is Local 710, and because of the exclusive status accorded the Local by 29 U.S.C. § 159(a), it can be Grant's only bargaining representative for the job dispute at issue here. Local 710 is therefore the only body which should be charged with the duty of fair representation; a claim for the breach of that duty can be stated only against it.

## Motion for Sanctions

█ Despite this conclusion, the court does not believe that the case law is so entirely unambiguous that plaintiff should be taxed with costs and attorney's fees under Fed.R.Civ.P. 11. There does seem to be some warrant in the law for the position Grant takes in his memorandum opposing the motion to dismiss. Grant's position runs as follows. First, Grant argues that Joint Council has the power under the relevant bylaws to remedy his claim. Second, under *Clayton v. United Auto Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), a condition precedent to a fair representation suit against a local union is the exhaustion of those internal union procedures capable of remedying a plaintiff's claim. Therefore, Grant concludes, if the Joint Council administers those internal procedures in an unfair manner, it, along with the local union, can be charged with breach of the duty of fair representation. In effect, Grant is asking this court to hold that whenever an internal union procedure that must be exhausted is improperly administered, the body responsible for administering that procedure is subject to the duty of fair representation even if that body is not the exclusive bargaining representative for the employees and was not a party to any bargaining agreement. Grant cites the court no cases squarely holding this. The strongest language this court has found suggesting the possibility of this rule is in *Gutierrez v. Puritan Bakery, Inc.*, 104 L.R.R.M. (BNA) 2356 (C.D.Cal. 1980). In *Gutierrez*, the court held that the duty of fair representation did not apply to a joint council of local unions because

[i]n order for such a duty to arise, plaintiff must have requested a hearing before the Joint Council concerning his grievance. However, it is undisputed that plaintiff never went beyond the first step of the grievance procedure as set out in the collective bargaining agreement and the local union by-laws.

104 L.R.R.M. (BNA) at 2358. From this languauge, it could be reasonably inferred that the *Gutierrez* court would have found the duty to attach if the plaintiff there had exhausted the internal procedures. However, the court did not state what, if any, other conditions must be met for the duty to attach. Because of the emphasis that other courts have uniformly placed on requiring the defendant to be the exclusive bargaining agent, I find it difficult to believe that *Gutierrez*, by its silence on the issue, meant to hold that the defendant need not be the bargaining representative for the employee. Indeed, one noted treatise on the subject regards exhaustion and exclusive representative status as dual conditions for a duty of fair representation suit. *See* C. Morris, *The Developing Labor Law*, at 1305 (1983) ("Nor may a council of unions be liable for breach of the duty if it was not the bargaining representative *and* the plaintiff-employees had not sought the council's action on their behalf." (emphasis added)). This conclusion has sound policy implications. As Joint Council points out, a holding that a body which administers an internal union remedy is, because of that administration, amenable to a fair representation suit, would have the effect of discouraging those bodies from providing such remedies for fear of being subject to litigation. Of course, the inadequacy

with which Joint Council administers its remedial procedures may be a factor in favor of *Local 710's* liability on a fair representation theory if Local 710 can be charged with unfairly enlisting the use of Joint Council. But that issue is not before the court.

Another reasonable, but ultimately unavailing basis for Grant's inclusion of Joint Council as a defendant could be rooted in an agency theory. Under that theory, when a body, such as Joint Council, exercises principal-like authority over the local union so that the body directs the local, gets the local to act for it, and supplants all the authority that would otherwise be vested in the local, then that body can be held liable in a fair representation suit. *See, e.g., Alexander v. International Union of Operating Engineers*, 624 F.2d 1235, 1241 (5th Cir.1980); *Snipes v. Douglas Aircraft Co.*, 114 L.R.R.M. (BNA) 2512 (C.D.Cal. 1983). Generously construing the complaint, it is not unreasonable to read the complaint as supporting this theory. Paragraph 16 of the complaint charges both Local 710 and Joint Council with the same omissions: arbitrarily failing to investigate plaintiff's grievance and arbitrarily upholding plaintiff's discharge. Grant's charging both parties with the same misconduct suggests that Grant may have had some reason to believe that Joint Council somehow controlled Local 710.

As it turns out, however, there is no evidence to support this claim and Joint Council has supplied the court with an uncontradicted affidavit affirming that Joint Council played no role in Local 710's actions in this case. See Affidavit of Robert N. Meidel ¶ 4 ("Joint Council ... did not recieve or participate in any grievance filed by Brother Grant concerning his discharge which is the subject of the lawsuit."). There being no genuine issue of material fact whether Joint Council participated at all, let alone controlled Local 710's actions, this agency theory of liability cannot withstand Joint Council's motion to dismiss, which motion is construed as a motion for summary judgment because of the affida-

vit supplied to the court. *See* Fed.R.Civ.P. 12.

Since Joint Council has not established any sort of bad faith in Grant's prosecution of this suit, the only possible basis for the sanction of fees and costs would be Fed.R. Civ.P. 11's proscription of complaints which are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." I find that the two theories just discussed were not frivolous and that there was some warrant for them in existing law. The exhaustion argument had some support in *Gutierrez* and the agency theory had support in the law, but was clearly unavailable in fact in this case. Therefore, an imposition of sanctions in this case would be inappropriate.

### Conclusion

Joint Council's motion to dismiss for failure to state a claim is granted. Joint Council's motion for attorney's fees and costs is denied.

It is so ordered.