CARTER ET AL. *v.* STANTON, DIRECTOR, MARION
COUNTY DEPARTMENT OF PUBLIC
WELFARE, ET AL.

No. 70–5082.   Argued November 8, 1971—Decided April 3, 1972

*Jon D. Noland* argued the cause for appellants.   With him on the briefs were *John T. Manning* and *David F. Shadel.*

*Robert W. Geddes* argued the cause for appellee Stanton.   With him on the brief were *Harold W. Jones* and *Carl J. Meyer.   Mark Peden,* Deputy Attorney General of Indiana, argued the cause for appellee Sterrett.   With him on the brief were *Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, and *William F. Harvey.*

*Solicitor General Griswold* and *Richard B. Stone* filed a brief for the United States as *amicus curiae.*

PER CURIAM.

Appellants are women who contend that an Indiana welfare regulation governing eligibility for state and federal aid to dependent children contravenes the Fourteenth Amendment and the Social Security Act, 49 Stat. 627, as amended, 42 U. S. C. § 602 (a)(10). The regulation provides that a person who seeks assistance due to separation or the desertion of a spouse is not entitled to aid until the spouse has been continuously absent for at least six months, unless there are exceptional circumstances of need. Burns Ind. Admin. Rules & Regs. (52–1001)–2 (1967). Appellants brought this action in the United States District Court for the Southern District of Indiana, basing jurisdiction on 42 U. S. C. § 1983 and 28 U. S. C. § 1343, and seeking both declaratory and injunctive relief. A three-judge court was convened pursuant to 28 U. S. C. § 2281. After a "preliminary hearing on defendants'" motion to dismiss "at which the court" received evidence upon which to resolve the matter, the court dismissed the complaint on the ground that none of the claimants had exercised her right under Indiana law to appeal from a county decision denying welfare assistance, Burns Ind. Admin. Rules & Regs. (52–1211)–1 (Supp. 1970), and therefore appellants had failed to exhaust administrative remedies. In the alternative, the court held that the pleadings did not present a substantial federal question and that the court lacked jurisdiction under 42 U. S. C. § 1983 and 28 U. S. C. §§ 2201, 2202. *Carter* v. *Stanton,* No. IP 70–C–124 (SD Ind., Dec. 11, 1970). This direct appeal followed and we noted probable jurisdiction. 402 U. S. 994 (1971).

Contrary to the State's view, our jurisdiction of this

appeal under 28 U. S. C. § 1253 is satisfactorily established. *Sullivan* v. *Alabama State Bar,* 394 U. S. 812, aff'g 295 F. Supp. 1216 (MD Ala. 1969); *Whitney Stores, Inc.* v. *Summerford,* 393 U. S. 9, aff'g 280 F. Supp. 406 (SC 1968). Also, the District Court plainly had jurisdiction of this case pursuant to 42 U. S. C. § 1983 and 28 U. S. C. § 1343. *Damico* v. *California,* 389 U. S. 416 (1967). *Damico,* an indistinguishable case, likewise establishes that exhaustion is not required in circumstances such as those presented here. Cf. *Mc-Neese* v. *Board of Education,* 373 U. S. 668 (1963); *Monroe* v. *Pape,* 365 U. S. 167 (1961).

Finally, if the court's characterization of the federal question presented as insubstantial was based on the face of the complaint, as it seems to have been, it was error. Cf. *Dandridge* v. *Williams,* 397 U. S. 471 (1970); *Shapiro* v. *Thompson,* 394 U. S. 618 (1969); *Damico* v. *California, supra.* But it appears that at the hearing on the motion to dismiss, which was based in part on the asserted failure "to state a claim upon which relief can be granted" (App. 19), matters outside the pleadings were presented and not excluded by the court. The court was therefore required by Rule 12 (b) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56. Under Rule 56, summary judgment cannot be granted unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If this is the course the District Court followed, its order is opaque and unilluminating as to either the relevant facts or the law with respect to the merits of appellants' claim. In this posture of the case, we are unconvinced that summary judgment was properly entered. The judgment of

the District Court is therefore vacated and the case is remanded to that court for proceedings consistent with this opinion.

*So ordered.*

Mr. Justice Powell and Mr. Justice Rehnquist took no part in the consideration or decision of this case.

Mr. Justice Douglas.

I agree that both this Court and the District Court have jurisdiction to entertain this case and that the appellants were not required to exhaust administrative remedies before launching their challenge. But, although the District Court should have made more complete findings of fact and conclusions of law, I would not remand simply on this score but would hold that the appellants are entitled to judgment.

The problem is simple and should be disposed of here.

The federal Act defines a "dependent child" as a "needy child . . . who has been deprived of parental support or care by reason of . . . continued absence from the home." [1]   Indiana by its Board of Public Welfare has adopted the federal definition of "needy child." [2]

The term "continued absence from the home" is not defined in the federal Act, though HEW recommends "that no period of time be specified as a basis for establishing continued absence as an eligibility factor." [3]   Indiana, however, has established by rule a definition of "continued absence" in case of "desertion or separation." In those two instances it makes "continued absence" mean that "the absence shall have been continuous" for at least

---

[1] 49 Stat. 629, as amended, 42 U. S. C. § 606 (a).

[2] Ind. State Bd. of Pub. Welfare Reg. 2–400 (a).

[3] Dept. of Health, Education, & Welfare Handbook of Public Assistance Administration, pt. IV, § 3422.5 (1968).

six months,[4] except when the department of welfare finds there are "exceptional circumstances of need."

A dependent child gets aid immediately and continuously in case the parent is incarcerated or in case the parent is inducted into the armed services. The six-month rule creates a separate class of needy children who by the federal standard may be as "needy" as those in the other two categories.

The federal Act directs that "aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals." [5] The federal regulation requires decisions on applications to be made "promptly" and "not in excess of" 30 days and that the assistance check or notification of denial be mailed within that period.[6] As noted, the federal Act contains no waiting period to establish "continued absence." And the HEW Handbook, already referred to,[7] states as respects "continued absence" that "[a] child comes within this interpretation if for any reason his parent is absent." [8]

---

[4] Burns, Ind. Admin. Rules & Regs. (52–1001)–2 (1967): "When the continued absence is due to desertion or separation, the absence shall have been continuous for a period of at least six [6] months prior to the date of application for assistance to dependent children; except that under exceptional circumstances of need and where it is determined that the absence of a parent is actual and bona fide an application may be filed and a child may be considered immediately eligible upon a special finding of the county department of public welfare setting forth the facts and reasons for such action."

[5] 42 U. S. C. § 602 (a)(10).

[6] 45 CFR § 206.10 (3), 36 Fed. Reg. 3864.

[7] N. 3, *supra.*

[8] Part IV, § 3422.2, of the Handbook provides:

"Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care under the following circumstances:

"1. When the parent is out of the home;

"2. When the nature of the absence is such as either to interrupt

Here, as in *California Human Resources Dept.* v. *Java,* 402 U. S. 121, 135, the State's program "tends to frustrate" the Social Security Act. *King* v. *Smith,* 392 U. S. 309, "establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause." *Townsend* v. *Swank,* 404 U. S. 282, 286. While a State has a legitimate interest in preventing fraud, there are, as we said in *Shapiro* v. *Thompson,* 394 U. S. 618, 637, "less drastic means" available "to minimize that hazard." Rather than remanding for a lower court determination of the law of the case, the merits ought to be decided now inasmuch as (a) the facts are essentially undisputed, (b) the appellants' claim based on the federal Act is plainly correct, and (c) further litigation would work a hardship upon welfare recipients affected by the Indiana rule. See generally Note, Individualized Criminal Justice In The Supreme Court: A Study Of Dispositional Decision Making, 81 Harv. L. Rev. 1260 (1968); Bell, Appellate Court Opinions And The Remand Process, 2 Ga. L. Rev. 526, 536 (1968).

or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child; and

"3. When the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child.

"A child comes within this interpretation if for any reason his parent is absent, and this absence interferes with the child's receiving maintenance, physical care, or guidance from his parent, and precludes the parent's being counted on for support or care of the child. For example: The child's father has left home, without forewarning his family, and the mother really does not know why he left home, nor when or whether he will return."

The Indiana regulation so plainly collides with the federal Act that I would end this frivolous defense to this welfare litigation by deciding the merits and reversing by reason of the Supremacy Clause.