Joe G. MEYERS, Plaintiff,

v.

UNITED STATES of America, Defendant and Third Party Plaintiff,

v.

GARDNER BH CONSTRUCTORS, corporate successor to S.O.G. Research and Development Corporation, Third Party Defendant.

No. CIV–79–1361–D.

United States District Court, W. D. Oklahoma.

Nov. 7, 1980.

Robert P. Kelly, Pawhuska, Okl., for plaintiff.

Stan Twardy and S. Paul Richards, Asst. U. S. Attys., Oklahoma City, Okl., for defendant and third party plaintiff United States of America.

Roy C. Breedlove, Tulsa, Okl., for third party defendant Gardner BH Constructors.

ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

This is an action wherein Plaintiff seeks recovery from Defendant United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, for personal injuries sustained while working on the Kaw Dam project. Defendant United States filed a Third Party Complaint against Gardner BH Constructors (Gardner), successor to S.O.G. Research and Development Corporation (S.O.G.), the primary contractor on the Kaw Dam project. Defendant seeks indemnity from Gardner pursuant to Clause 12 of the General Provisions (Clause 12) of the contract between the United States and S.O.G. for S.O.G.'s negligence in causing Plaintiff's injuries. It is asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b).

Third-Party Defendant has filed herein a Motion for Summary Judgment on the Third Party Complaint of the Defendant United States which Motion is supported by a Brief. Defendant United States has filed a Brief joining in Third Party Defendant's Motion and acknowledging that there are no genuine issues of fact present and that

Third Party Defendant is entitled to judgment as a matter of law.

All parties agree that Gardner is not liable to Plaintiff in any case for S.O.G.'s alleged negligence as Plaintiff has already received a worker's compensation award from S.O.G. which is Plaintiff's exclusive remedy against S.O.G. *Harter Concrete Products v. Harris*, 592 P.2d 526 (Okl.1979). Furthermore, S.O.G. does not indemnify the United States under Clause 12 for any negligence on the part of the United States. *See United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). S.O.G. only indemnifies the United States for the negligence of S.O.G. which would be considered and apportioned between the tortfeasors under Oklahoma law regardless of whether or not S.O.G. was a party to this lawsuit. *Paul v. N. L. Ind., Inc.*, 624 P.2d 68, 51 Okl.B.J. 2090 (1980); *see also Laubach v. Morgan*, 588 P.2d 1071 (Okl.1978).

In view of the foregoing, it appears as a matter of law that Third Party Defendant would not be liable to the United States for the United States' negligence. Furthermore, if S.O.G. would be found to be partially negligent, such a finding would reduce any award to Plaintiff against Defendant by an amount proportionate to S.O.G.'s percentage of negligence. *See Paul v. N. L. Ind., Inc., supra.* In no event would S.O.G. be liable for monetary damages under common law negligence to either Plaintiff or Defendant. Therefore, the Court finds and concludes that there are no genuine issues of material fact and Third Party Defendant is entitled to judgment in its favor as a matter of law.

Accordingly, Third Party Defendant's Motion for Summary Judgment should be granted and Defendant's Third Party Complaint should be dismissed. *See* Rule 56, Federal Rules of Civil Procedure; *see, e.g., Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bankers Trust Co. v. Transamerica Title Insurance Co.*, 594 F.2d 231 (Tenth Cir. 1979); *Harsha v. United States*, 590 F.2d 884 (Tenth Cir. 1979); *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (Tenth Cir. 1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202 (Tenth Cir. 1977).

It is so ordered.