Oscar M. CASSIANO,
Plaintiff-Appellant,

v.

AMIGOS DEL VALLE, INC., Paul Sullivan, Ruben Salazar, Tony Barco and Antonio Gutierrez, Defendants-Appellees.

No. 85–2261
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1985.

J. Roberto Rodriguez, McAllen, Tex., for plaintiff-appellant.

Allee & Garcia, Donald W. Allee, David Garcia, Edinburg, Tex., for Amigos Del Valle, Inc., et al.

Downey & Sullivan, Thomas Sullivan, Brownsville, Tex., for Ruben Salazar.

R. Gaines Griffin, San Antonio, Tex., for Amigos Del Valle, Inc., Paul Sullivan, Tony Barco & Gutierrez.

Before POLITZ, GARWOOD and JOL-LY, Circuit Judges.

## OPINION

PER CURIAM:

The question raised in this section 1983 employment discharge case is whether the district court properly granted the motion to dismiss[1] because the appellees did not act "under color" of state law. We affirm.

### I

Appellee Amigos Del Valle, Inc. (Amigos) is a nonprofit corporation incorporated under the Texas Non-Profit Corporation Act. Tex.Rev.Civ.Stat.Ann., art. 1396–1.01, et seq. (Vernon 1959). The corporation's "members" are cities and counties in Cameron, Hidalgo and Willacy Counties, Texas, that have elected to join Amigos and have paid Amigos an annual membership fee. Amigos is organized to provide services, such as nutrition, housing and transportation, for the elderly in this three-county area. Approximately ninety percent of Amigos' funding is from federal sources: the remainder is from state and local governments or private fund-raising projects.

In this employment case, Oscar Cassiano claims that he was discharged from his employment with Amigos in retaliation for his exercise of first amendment rights. Ruben Salazar, the Executive Director of Amigos, Paul Sullivan, and Antonio Gutierrez, members of the Board of Directors of Amigos, are alleged to have conspired to promote Cassiano from Comptroller to Deputy Director of Amigos for the purpose of facilitating his discharge by changing his status from a nonprobationary employee to a probationary employee. Tony Barco, also a member of the board of directors, is named as a defendant, but is not charged with any specific act in violation of Cassiano's rights. Cassiano sued under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, requesting declaratory and injunctive relief in addition to damages. No pendent claim under the law of Texas was alleged. After an evidentiary hearing and a complete review of the record, the district court dismissed Cassiano's action because Cassiano failed to establish that Amigos acted "under color" of state law in dismissing Cassiano.

### II

Cassiano's sole contention on appeal is that the district court erred in dismissing

---

1. Our reading of the record indicates that the district court's ruling was pursuant to a prior motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The record shows, however, that the court held an evidentiary hearing and granted the motion to dismiss based on evidentiary matters outside the pleadings. Therefore, on appeal we treat the Rule 12(b)(6) motion to dismiss as a motion for summary judgment. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Murray v. Gelderman*, 566 F.2d 1307, 1308 (5th Cir.1978).

the complaint because, Cassiano contends, he had "clearly established" a sufficient nexus between the State of Texas and the actions of the appellees to support a claim under 42 U.S.C. § 1983. We disagree. The district court's findings of fact and the case law of the Supreme Court compel the conclusion that Amigos and the individual appellees did not act "under color" of state law in dismissing Cassiano.

The Supreme Court has stated that the "ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982). The Court has delineated several factors to consider in making this determination. In *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), the Court examined the extent of government regulation involved, the encouragement or coercion by the state of the alleged infringement, and the exercise by the entity of the functions traditionally performed by the state; the Court has also considered the extent of financial assistance from the state. *See Rendell-Baker*, 457 U.S. at 840, 102 S.Ct. at 2770. None of these factors is independently dispositive. *See Rendell-Baker*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418; *Blum*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534.

Relying on these factors, we hold that the district court properly found that Amigos was not acting "under color" of state law when it dismissed Cassiano. First, the extent of regulation by the State of Texas involved in the challenged action was virtually nonexistent since the State of Texas does not regulate Amigos beyond the regulation imposed on all Texas incorporated nonprofit corporations. Second, the alleged infringement of Cassiano's rights results from his dismissal from Amigos. However, the record demonstrates that Texas lacked the authority to dictate or even propose personnel changes and was not a participant in the decision to dismiss Cassiano. Third, the services provided by Amigos for the elderly are not traditional state functions. Finally, even though Amigos did receive a substantial proportion of its monies from different levels of government, less than ten percent came from state or local governments. Even assuming, however, significant funding by the state, the Supreme Court has held that funding alone is insufficient to give rise to an inference that private parties are acting under color of state law. *See Rendell-Baker* and *Blum*.

Cassiano cites one unpublished district court case decided eight years ago to support his position that Amigos should be considered to have acted under state law. However, Cassiano only cites the district court's conclusion, excluding any reasons that the court may have had for reaching this decision. We can only say that if that district court reached that ruling on the same facts that we have before us today, it was in error.

### III

For the reasons stated herein, the judgment of the district court is AFFIRMED.