**In re Richard T. HERBST, Jr., Debtor.**

**Charles N. TAPPER, Plaintiff,**

**v.**

**Richard T. HERBST, Jr., Richard T. Herbst, Sr., Dixie Anna Herbst, Defendants.**

**Bankruptcy No. 86–40411. Adv. No. 87–4032.**

United States Bankruptcy Court, D. Massachusetts.

Sept. 3, 1987.

---

Howard Gorney, Seder & Chandler, Worcester, Mass., for plaintiff/Charles N. Tapper.

George Desmond, Framingham, Mass., for defendants/Richard T. Herbst, Jr., Richard T. Herbst, Sr., Dixie Anna Herbst.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

The debtor, Richard T. Herbst, Jr. (the "Debtor"), and his co-defendants, Dixie Anna Herbst ("Dixie") and Richard T. Herbst, Sr. ("Herbst"), move under Federal Rule of Civil Procedure 12(b)(6) (as incorporated by Bankruptcy Rule 7012) to dismiss the complaint of Charles N. Tapper ("Tapper") for failure to state a claim upon which relief may be granted. Tapper moves for summary judgment under Fed. R.Civ.Pro. 56 (as incorporated by Bankr.R. 7056) and for a protective order preventing the defendants from deposing him. For the reasons stated herein, the motion to dismiss, the motion for summary judgment, and the motion for a protective order are denied.

## I. BACKGROUND

The complaint alleges a fraudulent transfer by the Debtor to Herbst, who is the Debtor's father, and Dixie, who is the Debtor's wife. Tapper is the only unsecured creditor in this Chapter 13 case. The complaint alleges that the Debtor while he was insolvent sold his home in Worcester, Massachusetts, which he owned solely in his own name, and used the proceeds to purchase another home in Holden, Massachusetts, taking title as a joint tenant with Dixie and Herbst. Tapper asserts that the Debtor transferred the two-thirds interest to Dixie and Herbst without consideration and with the intent to hinder, delay or defraud his creditors. He requests that the Court avoid the interests of Dixie and Herbst under 11 U.S.C. § 544 and MASS. GEN.L. ch. 109A and order their two-thirds interest in the home transferred to the estate.

## II. DEBTOR'S MOTION TO DISMISS

■ The Debtor asks the Court to dismiss the complaint as to him because he has no interest in the dispute between Tapper and the other defendants. He asserts that he transferred all rights against Dixie and Herbst to the Chapter 13 trustee, and that the complaint does not seek recovery against him. Tapper responds that the Debtor is a necessary party to this proceeding because the disposition of the suit will affect the Debtor's right under 11 U.S.C. § 1303 to use, sell, or lease the property.

This issue is controlled by Fed.R.Civ.Pro. 19 (as incorporated by Bankr.R. 7019). Rule 19(a) provides that a person "*shall* be joined as a party" (emphasis added) in an action if:

(1) in his absence complete relief cannot be accorded among the parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action may (i) as a practical matter impair or

impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

The Court denies the Debtor's motion. The Debtor is a joint tenant and co-owner of the property at the center of this dispute. If Tapper prevails, the property will become a part of the Chapter 13 estate under the terms of the Debtor's confirmed plan. The plan specifically provides that the amount recovered must be applied to payments to unsecured creditors under the plan. This situation could leave the Debtor with the difficult choice of either selling his residence to fund the plan or increasing his payments under the plan in order to cover the amount recovered. Because of this change of circumstances if Tapper prevails and the effect on the Debtor's obligations under the plan, the Debtor must be included as a party in this action in order to protect his interest in the property and the right to retain the property as his residence.

### III. MOTION TO DISMISS OF DIXIE AND HERBST

■ Dixie and Herbst move to dismiss the complaint on four grounds: (1) the allegations set forth in the complaint do not reveal a transfer by the Debtor to Dixie and Herbst; (2) the complaint in paragraph 12 violates the spirit of Bankr.R. 7008(e) (incorporating Fed.R.Civ.Pro. 8(e)) with a vague reference to a right to recovery under "other applicable Massachusetts law"; (3) Tapper did not plead fraud with particularity as required by Bankr.R. 7009(b); and (4) Tapper lacks standing in Chapter 13 to bring a complaint to avoid a fraudulent transfer.

Motions to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Dixie and Herbst have not carried this burden. With regard to the defendants' first ground for dismissal, we find their concept of transfer to be too narrow. Tapper has pleaded a transfer: the transfer by the Debtor to Dixie and Herbst of a one-third interest each in property for which only he paid consideration. Tapper has not pleaded a direct transfer; he has pleaded that the Debtor, by electing to take a joint tenancy with his father and wife, effectuated an indirect transfer to them through the seller. An indirect transfer such as this is included with the concept of transfer. *See Black's Law Dictionary* 1342 (5th ed. 1979); 11 U.S.C. § 101(50).

■ As for the defendants' claims that the complaint should be dismissed because of a vague reference in the complaint to "other applicable Massachusetts law" and failure to plead fraud with particularity, we find no merit in these positions. One vague provision in an otherwise straightforward and specific complaint does not make the entire complaint too ethereal to answer, nor does it justify dismissal. Tapper has made clear that he relies primarily, if not exclusively, on 11 U.S.C. § 544(b) and MASS.GEN.L. ch. 109A. The reference to "other applicable Massachusetts law," however, is careless surplusage and the Court directs Tapper either to amend the provision to identify the law referred to or to strike the passage.

The defendants' allegation that Tapper has failed to plead fraud with particularity is likewise without merit. Tapper has pleaded all the elements necessary to state a claim for recovery under MASS.GEN.L. ch. 109A: a transfer of a major asset made for no consideration while the Debtor was insolvent. He has also pleaded a transfer made with the intent to hinder, delay or defraud creditors under the statute. He has detailed the circumstances of the transfer and the amounts involved.

The final ground for dismissal, lack of standing, has been mooted. The parties stipulated at the hearing on this motion that the standing in this case was proper. We therefore deny the defendants' motion to dismiss.

## IV. TAPPER'S MOTION FOR SUMMARY JUDGMENT

■ In his motion for summary judgment, Tapper asserts that there is no dispute of material fact in the following areas: (1) the Debtor purchased and was the sole title holder to the Worcester property; (2) the Debtor sold the Worcester property on June 14, 1984 for $52,000; (3) the Debtor provided the consideration for the Holden property and took title to the property as a joint tenant with Herbst and Dixie; (4) Herbst and Dixie provided no consideration for their interests in the property; (5) the Debtor paid back all sums loaned to him by the other defendants for the purpose of aiding in the purchase of either property; (6) Herbst made no contribution to the purchase of the Holden property; (7) the Debtor was indebted to Tapper for $68,000 at the time he sold the Worcester property and purchased the Holden property; and (8) the Debtor had no ability to pay Tapper at the time he transferred the interests to Herbst and Dixie. Because of the alleged lack of dispute on these facts, Tapper asserts that he is entitled to summary judgment on his claim under MASS.GEN.L. ch. 109A.

The defendants argue that there are disputes of material fact on: (1) whether Herbst held an unrecorded interest in the Worcester property which was subsequently transferred to the Holden property; (2) whether the Debtor ever repaid Herbst or Dixie for their contributions to the Worcester and Holden properties; and (3) whether the Debtor in 1984 considered the amount owed to Tapper a gift or a loan. The parties have submitted testimony from depositions and prior proceedings in this case, and Tapper has submitted an affidavit.[1]

The motion comes to us in a somewhat unusual posture. Tapper filed the motion after the defendants moved to dismiss the case and before they filed an answer to the complaint. A plaintiff's motion for summary judgment is permitted by Fed.R.Civ.Pro. 56(a) at any time after 20 days from the commencement of an action. If the motion is made, however, courts are reluctant to grant summary judgment unless it is very clear that an answer will not raise any significant issues of fact. *See Ludlow Manufacturing & Sales Co. v. Textile Workers Union of America,* 108 F.Supp. 45, 51 (D.Del.1952); *Stuart Investment Co. v. Westinghouse Electric Corp.,* 11 F.R.D. 277, 280 (D.Neb.1951).

■ This reluctance makes Tapper's already significant burden even heavier. When comparing competing affidavits and materials submitted by the parties, a court must carefully scrutinize the moving party's papers while treating the opposing party's papers indulgently. The movant has the task of showing the absence of a genuine issue as to any material fact, and all inferences must be drawn against the movant and in favor of the party opposing the motion. *E.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). *See* 6 J. Moore, W. Taggart, & J. Wicker, *Moores Federal Practice* ¶ 56.15[3] (2d ed. 1987). If there is a question of credibility involved, and the tendered testimony is not too incredible to be believed by reasonable minds, then the court must deny a motion for summary judgment. *E.g., Camerlin v. N.Y. Cent. R. Co.,* 199 F.2d 698 (1st Cir.1952); *see* J. Moore, *supra,* at ¶ 56.15[4].

We find two genuine issues of material fact based on the papers submitted by the parties. A vital issue is presented concerning whether Herbst and Dixie acquired unrecorded interests in the Worcester property which constituted consideration for their obtaining an aggregate two-thirds interest of record in the Holden property through use of the proceeds from the sale

---

1. We have not treated the defendants' motions to dismiss as motions for summary judgment. All the materials submitted with the motions to dismiss related to issues raised by the Creditor's motion for summary judgment rather than the issues raised by the motions to dismiss. We relied on none of the materials in order to reach our result in the motions to dismiss. *Cf. Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (if matters outside the pleadings are received and relied on by the court, a motion to dismiss *must* be treated as a motion for summary judgment).

of the Worcester property. Herbst testified in a prior proceeding to the effect that he had an unrecorded one-third "investment" interest in the Worcester property and that Dixie had an unrecorded one-third interest in that property through a gift. Tapper disputes the existence of any such property investment interests or gifts. But because the materials submitted on this issue raise questions of reasonable credibility, the claimed unrecorded Worcester property interests must be taken into account in considering the present motion.

The defendants also raise the issue of whether Tapper was a creditor at the time Dixie and Herbst acquired their interests in the Holden property in 1984. If Tapper was not then a creditor through funds furnished by him to the Debtor, the Debtor was not then insolvent. Although Tapper has produced a 1985 letter of the Debtor acknowledging the debt and has submitted an affidavit stating that he and the Debtor had always considered the transfer of money as a debt, the defendants have submitted the Debtor's testimony from another proceeding stating that he had considered the money as a gift until he started receiving Tapper's demands for repayment in 1985. This issue also boils down to a question of credibility. The circumstances surrounding the transfers of funds by Tapper to the Debtor are material facts; they bear on whether the transactions created a debt or a gift. *See* MASS.GEN.L. ch. 109A, §§ 5, 6 & 7. *See also id.,* § 1 (definitions of "creditor" and "debt").

Although Tapper may eventually prevail on these issues of fact, this Court cannot grant a motion for summary judgment if there is the "slightest doubt" as to an issue of fact. *Morrissey v. Proctor & Gamble,* 379 F.2d 675 (1st Cir.1967). The defendants' contentions are not so weightless that we may ignore or discount them in the present posture of the pleadings. The defendants should be permitted to file an answer and given an opportunity to try their issues. We therefore deny the motion for summary judgment. Because we have determined that the circumstances of the debt are relevant to this proceeding, we also deny Tapper's request for a protective order.

SO ORDERED.