

Decided February 27, 1989

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

DUTY FREE SHOPPERS LIMITED,      )      CIVIL ACTION NO. 88-125
a Commonwealth of the Northern   )
Mariana Islands Corporation,     )
                                 )
            Plaintiff,           )
                                 )          ORDER DENYING
        vs.                      )     DEFENDANT SABLAN'S MOTION
                                 )       FOR SUMMARY JUDGMENT
JOAQUIN L.G. SABLAN and          )
ISOHIRO ASANUMA,                 )
                                 )
            Defendants.          )

## PROCEDURAL POSTURE

Defendant Sablan has moved to dismiss plaintiff's action for specific performance. Although Sablan does not indicate the specific section of Com.R.Civ.Pro. Rule 12 he is proceeding under, motions to dismiss are generally used to test the sufficiency of the complaint. However, Sablan's present motion goes beyond the sufficiency of the complaint. In this motion, Sablan argues that the option agreement and proposed lease between plaintiff and himself is in violation of Article XII of the Northern Marianas Constitution. As such, Sablan is essentially urging this court to find that he is entitled to prevail as a matter of law. Therefore, since the

**624**

option agreement and lease, which are matters outside the scope of the pleadings, must be considered and because Sablan's present motion seeks to determine plaintiff's interest as a matter of law, the court will regard this motion as one for summary judgment. Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234 (1972).

## SUMMARY JUDGMENT STANDARD

A summary judgment will be granted only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Com.R.Civ.Pro. Rule 56; Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

There is no dispute between the parties as to the terms of the option agreement and lease. The matter is submitted solely on the legal interpretation of those documents in relation to governing law. Thus, the court turns its attention to whether Sablan is entitled to judgment in summary fashion.

## ISSUES

1. **WHETHER A ONE YEAR OPTION TO LEASE PROPERTY FOR 55 YEARS VIOLATES ARTICLE XII**

Sablan's first contention is that the option agreement violates Article XII by giving plaintiff an interest in property in excess of 55 years. Sablan maintains that the one year period in which plaintiff could exercise its option to lease was in itself equivalent to a leasehold interest, and therefore the

plaintiff has a 56 year lease.[1]/ This exhortation strikes the court as idle persiflage.[2]/

Sablan bases his assertation on Wabol v. Muna, 2 CR 963 (DNMI App. 1987, app. pending 9th Cir.). In Wabol the court found that a 30 year lease with an option to renew for an additional 20 years violated the provision of Article XII prohibiting persons not of NMI descent from obtaining leaseholds in excess of 40 (now 55) years.

However, Wabol is clearly not determinative here. In Wabol the lessee had an option to extend its existing leasehold. If the lessee exercised the option to renew, it would extend beyond the permitted 40 years. In this case, plaintiff had an option to lease Sablan's property in the future. Plaintiff and Sablan entered into a contract whereby plaintiff paid Sablan not to lease or otherwise alienate his property for a one year period. This option did not give plaintiff any right to enter or otherwise use the property; all rights of ownership and possession remained with Sablan. Plaintiff did not acquire any possessory interest in the property itself. Richardson v. Hardwick, 106 U.S. 252, 254, 1.S.Ct. 213, 215 (1882) (where one

---

[1]/
Current law allows a 55 year lease. Commonwealth Constitution, Article XI, § 3. According to Article XII any acquisition of an interest in land exceeding 55 years is void ab initio.

[2]/
Anderson v. Cryovac, Inc., 862 F.2d 910 at 931.

has, by contract, the option of purchasing an interest in land, the contract itself' does not vest him with any interest or estate in the land); Olsen Oil Co. v. Fidler, 199 F.2d 868, 871 (10th Cir. 1952) (an option does not constitute a vested interest in the land itself); Bobo v. Bigbee, 548 P.2d 224, 229 (Okl. 1976) (an option to convey real estate does not transfer any interest in the real property); In re Continental Properties, Inc., 15 BR 732, 736 (D.Hawaii 1981) (the optionee has no equitable interest in the land).

In sum, an option to lease in the future is not a transfer or acquisition of property and therefore the option period cannot be added to the length of the proposed lease for purposes of determining whether a long-term interest in land has been conveyed in violation of Article XII.[3]/

2.   **WHETHER THE REVERSIONARY INTEREST IN THE LEASE VIOLATES THE CNMI CONSTITUTION**

Paragraph 42 of the lease provides plaintiff with a lien on Sablan's reversionary interest to secure Sablan's performance of his obligation to purchase any permanent improvements constructed by plaintiff during the term of the

---

[3]/
It is noted more than just in passing that Sablan executed a one year option for which he received $2,000 and he now comes before the court arguing that the entire transaction in which he participated and benefitted is illegal. "One that will not plead that cause wherein his tongue must be confuted by his conscience." Thomas Fuller, The Holy State: The Good Advocate (1642).

627

lease. Sablan maintains that it is highly unlikely that he will be able to purchase the multimillion dollar improvements contemplated by plaintiff and, therefore, it is probable that he will lose the property by default. Therefore, it is argued the effect is to give plaintiff an interest in the land exceeding the permissible limit.

The fatal problem to Sablan's argument is its entirely speculative nature. For the court to consider Sablan's claim of illegality based on Article XII of the Constitution, there must be a justiciable controversy regarding plaintiff's lien on Sablan's reversionary interest. Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950 (1968). Without a justiciable controversy, this court is without jurisdiction to entertain Sablan's motion.4/

In order to consider Sablan's motion, the court must assume: (a) the plaintiff places improvements on the land 5/ and (b) that if any improvements are placed thereon, Sablan would be unable to pay the appraised value of the structures 55 years hence. There comes to mind just a few events that could occur in

---

4/
"No matter how tantalizing a problem may be, a ... court cannot scratch intellectual itches unless it has jurisdiction to reach them." Director, OWEP v. Bath Iron Works Corp., 853 F.2d 11, 13 (1st Cir. 1988).

5/
The proposed lease does not obligate the lessee to make improvements on the property. Indeed, the lessee reserves the right to terminate the lease should it fail to be able to comply with any zoning laws, or building permits, or should soil tests and borings prove the unsuitability of its proposed improvements. See, e.g., paragraph 14 of the lease.

**628**

the next 55 years which would obviate the necessity for implementation of paragraph 42. The property could be condemned by the government; any structures/improvements could be destroyed; the law relating to the alienation of land could change; the parties may change the terms of the lease; or the lease could be terminated either voluntarily or involuntarily.

Courts will not decide cases on the basis of assumed or hypothetical facts. Associated Press v. NLRB, 301 U.S. 103, 131, 57 S.Ct. 650, 655 (1937). See also, Socialist Labor Party v. Gilligan, 406 U.S. 583, 588, 92 S.Ct. 1716, 1719 (1972) (court should not decide constitutional question unless it is "presented with the clarity needed for effective adjudication"); Rescue Army v.Municipal Court, 331 U.S. 549, 584, 67 S.Ct. 1409, 1427 (1947) (court should not decide constitutional question unless it is presented in "clean-cut and concrete form").

The parties may strive to have the court render what is tantamount to an advisory opinion so that they will have an idea what may happen 55 years from now. However, it is not incumbent on the court to use the proverbial crystal ball. The landowner and the lessee are the ones that agreed to paragraph 42 with all its uncertainties and this court must decline the invitation to prepare a road map for which there may be no travelers.

Based on the foregoing, Sablan's motion for summary judgment is DENIED.

Dated at Saipan, MP, this 27th day of February, 1989.

Robert A. Hefner, Chief Judge

**629**