**Richard CLOWARD, Plaintiff,**

**v.**

**COLUMBIA UNIVERSITY and Ronald A. Feldman, Defendants.**

94 Civ. 0276 (AGS).

United States District Court, S.D. New York.

March 24, 1995.

Ballon, Stoll, Bader & Nadler, P.C., New York City, for plaintiff.

Squadron Ellenoff Plesent Sheinfeld & Sorkin, New York City, for defendant.

### OPINION AND ORDER

SCHWARTZ, District Judge:

### BACKGROUND

In this action, plaintiff, a sixty-seven year old full professor at the Columbia University School of Social Work ("CUSSW"), alleges that defendant Columbia University and individual defendant Ronald A. Feldman, Dean of CUSSW, has discriminated and continues to discriminate against him because of his age. More precisely, plaintiff alleges that Columbia and Dean Feldman, since at least the academic year of 1986–87, have offered and continue to offer lower salaries and lower salary increases to older, more experienced faculty members at CUSSW, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 *et seq.;* Complaint ¶¶ 16–17.

On April 4, 1991, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging age discrimination in compensation. On June 30, 1992, the EEOC issued its Determination dismissing plaintiff's claim and finding no basis to conclude that defendants had discriminated against plaintiff.[1] With respect to the relevant statute of limitations, the "right to sue" letter stated:

> A lawsuit under the ADEA ordinarily must be filed within two years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate the two year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed until 90 days after the receipt of notice that EEOC has completed action on the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination occurring before November 21, 1991, if Charging Party decides to sue, a lawsuit should be brought within two years of the date of the alleged discrimination and within 90 days of receipt of this letter, *whichever is earlier,* in order to assure the right to sue.

EEOC Determination, attached as Exhibit B to Affidavit of Mark Goldstein. Plaintiff commenced this action on January 19, 1994.

■ Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff filed his action more than 90 days after receiving the EEOC determination. We note that the parties have submitted affidavits and other evidence to the Court to be considered

---

1. Where such a Determination finds no basis for concluding that discrimination took place, it is often referred to as a "right to sue" letter be-

cause only then may plaintiff file suit in federal court.

on the motion to dismiss. Such materials lie outside the four corners of the pleadings; accordingly, the court must either exclude the additional materials from our consideration and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R.Civ.P. 56, *see Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *see generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, ¶ 1366 (1990 & Supp.1992) (discussing the circumstances in which a court may convert a motion to dismiss into a motion for summary judgment). The Court has determined to consider materials which the parties have submitted; therefore, we elect to convert this motion to dismiss into a motion for summary judgment, and interpret the expanded record accordingly.

## DISCUSSION

This motion presents two fundamental issues. First, we must determine whether the 90 day limitations period set forth in § 626(e) of the ADEA, as amended by the Civil Rights Act of 1991 on November 21, 1991, applies to actions in which the allegedly discriminatory acts occurred prior to November 21, 1991 but the plaintiff's EEOC determination was received and the subsequent complaint was filed in federal court after November 21, 1991. If the 90 limitations period does apply to the instant action, then we must analyze whether plaintiff's allegation that the discrimination is ongoing tolls the new limitations period. We address these issues in turn.

### Applicable Statute of Limitations

■ At the time this motion was filed, the Second Circuit had not addressed the first critical question, namely, whether the 90 day limitations period should apply in these circumstances (i.e., where plaintiff's claim accrued prior to enactment of the Civil Rights Act of 1991 but the complaint was filed in federal court post-enactment). On March 8, 1995, the Second Circuit issued its decision in *Vernon v. Cassadaga Valley Central School District*, 49 F.3d 886 (2d Cir.1995). After

discussing the majority of cases cited by the parties on the instant motion, Judge Miner concluded:

We agree with those cases that hold that the limitations period enacted in the 1991 Act should apply to claims filed after its enactment, including those in which the cause of action accrued beforehand. The reasoning in those cases is more persuasive, and their conclusions are bolstered by previous decisions of this court as well as by the Supreme Court's decision in *Landgraf v. USI Film Products*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). *Id.*, at 889.

■ The Court went on to explain that the "right to sue" letter sent to plaintiffs in *Vernon*—the relevant text of which was identical to the passage quoted *supra* at —— from the EEOC Determination sent to plaintiff in this action—did not equitably toll the 90 day limitations period. *Id.*, at 890–91. We are thus constrained to apply the 90 day limitations period in this action.

It is undisputed that plaintiff filed his federal court action more than 90 days after receiving his "right to sue letter" from the EEOC. *See, e.g.*, Plaintiff's Memorandum of Law at 2 ("Plaintiff accepts defendants' chronology of events concerning Cloward's filing of a charge of discrimination with the [EEOC] ... and ultimate filing of this lawsuit"). Accordingly, we must dismiss the Complaint unless the limitations period is somehow tolled.

### Continuing Violation Doctrine

■ Plaintiff contends that because each paycheck that he receives from defendant Columbia University is discriminatorily low, defendants' actions constitute continuing violations of the ADEA which persist into the 90 day limitations period and render plaintiff's Complaint timely. Plaintiff's Mem. at 19–21. We disagree.

None of the decisions cited by plaintiff to support his position involves the application of the continuing violation doctrine to the 90 day limitations period. The parties and the research of the Court reveal that only one court has squarely addressed this issue. In *Crivella v. Urban Redevelopment Authority*

24

*of Pittsburgh*, 64 Fair Empl.Prac.Cases (BNA) 1, 1994 WL 121609 (W.D. Pa.1994), the Court held that:

> [W]e find it inappropriate to apply [the doctrine of continuing discrimination] to the section 626(e) filing requirement. We would first note that section 626(e) clearly refers to the date of receipt of the EEOC determination. Unlike the statutes of limitation that deal with filing a complaint with the EEOC within a certain number of days after the alleged unlawful practice occurred, section 626(e) is unconcerned with the date of the alleged discriminatory acts ... We see no reason why an allegation of continuing discrimination should have any bearing on the date [plaintiff] received notice from the EEOC.

*Id.*, at 2. We are persuaded by this reasoning. Accordingly, defendants' motion for summary judgment is granted and the Complaint is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendants.

SO ORDERED.