**NEUMA, INC., an Illinois corporation,
Plaintiff,**

v.

**E.I. DUPONT DE NEMOURS
and COMPANY, a Delaware
corporation, Defendant.**

**No. 98 C 1597.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 2, 1998.

Nathan H. Lichtenstein, Kelli Ann Toronyi, Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL, for Plaintiff.

Kathie M. Contois, Gracelyn A. Leon, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by defendant E.I. Du Pont De Nemours and Company ("Du Pont"). This motion is Du Pont's motion to dismiss plaintiff Neuma's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court denies defendant's motion to dismiss.

## I. *BACKGROUND*

The complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiff, Neuma, is an Illinois corporation with its principal place of business in Illinois. Defendant, Du Pont, is a Delaware corporation which does business in Illinois. Du Pont is the plan sponsor, plan administrator and fiduciary to the Contributory Group Life Insurance Plan, the Non-Contributory Group Life Insurance Plan and the Du Pont Company Insurance Plan (the "Plans"). James Michael O'Hara ("O'Hara") was an employee of Du Pont eligible to participate in the Plans and entitled to life insurance benefits under a group life insurance policy (the "policy") with a payout value of $22,000.

On June 20, 1994, O'Hara assigned all of his rights, title and interest under the policy to Neuma. Pursuant to the terms of the policy, Neuma had 31 days after O'Hara's termination from Du Pont to convert the group life insurance policy to an individual policy. If the policy was not timely converted, it would lapse. Du Pont knew of Neuma's intent to convert the policy upon O'Hara's termination and Du Pont represented that notice of O'Hara's termination would be sent to Neuma. O'Hara was terminated sometime in 1994 but Neuma did not learn of his termination until 1996, after the period of time to convert the policy had expired.

Neuma alleges that Du Pont owed a fiduciary duty to Neuma and they breached that duty by failing to timely inform Neuma of O'Hara's termination. Neuma demanded reinstatement of its rights under the policy, but Du Pont has refused to do so. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

## II. *DISCUSSION*

### A. *Standard for deciding a Rule 12(b)(6) motion to dismiss*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

### B. *Count I—Breach of fiduciary duty*

Count I is a claim against Du Pont for breach of fiduciary duty. Du Pont has moved to dismiss count I on two alternative grounds. Du Pont first argues that Neuma has failed to assert a breach of fiduciary duty by Du Pont. Alternatively, Du Pont argues that Neuma improperly seeks monetary relief. The court will consider each of the arguments in turn.

### 1. Fiduciary duty

█ Du Pont argues that count I must be dismissed for failure to assert a claim for breach of fiduciary duty. More specifically, Du Pont argues that it owed no fiduciary duty to Neuma. For the reasons set forth below, Du Pont's motion to dismiss this count is denied.

█ First, Neuma asserts that they have properly alleged the existence of fiduciary duties, breach, causation and harm and, therefore, Du Pont's argument that it did not have a fiduciary duty is improperly brought under a 12(b)(6) motion. Neuma errs in

their assumption that the existence of a fiduciary duty must be taken as true for purposes of a 12(b)(6) motion to dismiss. A motion to dismiss admits only allegations of fact, not legal conclusions. *Challenger v. Local Union No. 1 of the Int'l Bridge, Structural & Ornamental Ironworkers*, 619 F.2d 645, 648 (7th Cir.1980). Assertion alone is insufficient to plead that Du Pont is a fiduciary. However, the complaint also asserts that Du Pont is that plan sponsor and plan administrator and that Du Pont acknowledged, accepted and guaranteed the assignment to Neuma. An employer who administers a plan in accordance with its terms is a fiduciary as it is broadly defined under ERISA. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir.1986). The court finds that the complaint, taken as a whole, adequately alleges that Du Pont is a fiduciary under ERISA.

Neuma claims that Du Pont, by failing to inform Neuma of O'Hara's termination, violated their fiduciary duty under § 1104. ERISA requires that a fiduciary act solely in the interest of the plan and its participants. 29 U.S.C. § 1104(a)(1). This fiduciary duty includes informing the participant of circumstances which may result in disqualification, ineligibility, or denial or loss of benefits. *Id.* § 1022(b).

■ The thrust of Du Pont's argument is the claim in their motion to dismiss that O'Hara was not terminated in 1994 as Neuma alleges in their complaint, but was actually terminated on November 30, 1993, nearly seven months prior to the assignment to Neuma. Therefore, Neuma, as O'Hara's assignee, was on constructive notice of O'Hara's termination when it was assigned the policy on June 20, 1994. However, on a 12(b)(6) motion to dismiss, the court is not to consider facts outside the pleadings. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972).

Therefore, the court finds that in examining Neuma's complaint with the federal pleading standard in mind, and without analyzing the weight of the evidence, it pleads with sufficient specificity to survive a 12(b)(6) motion to dismiss. Accordingly, the court finds that the complaint, viewed in the light most favorable to Neuma, adequately states a claim for breach of fiduciary duties in violation of § 1104.

**2. Request for relief pursuant to ERISA § 502(a)(3)**

■ Du Pont next argues that count I should be dismissed because Neuma is seeking improper relief. Du Pont is wrong. Neuma is seeking that the court order Du Pont to reinstate the insurance policy. This equitable relief is proper under § 502(a)(3) of ERISA. *See* 29 U.S.C. § 1132(a)(3). Accordingly, Du Pont's motion to dismiss count I is denied.

**C. *Count II—Violation of 29 U.S.C. § 1132(c)***

■ Count II is a claim against Du Pont for their refusal to supply requested information as required by 29 U.S.C. § 1132(c). For the reasons outlined below, Du Pont's motion to dismiss count II is denied.

Du Pont argues that they had no duty to provide plan information to Neuma because Neuma was not a "participant" or "beneficiary" as defined under ERISA. *See* 29 U.S.C. §§ 1002(7)-(8). The Civil Enforcement Section of ERISA, 29 U.S.C. § 1132(a), provides, "A civil action may be brought—(1) by a participant or a beneficiary—... (A) for the relief provided for in subsection (c) of this section." 29 U.S.C. § 1132. "Participant" is limited, by definition, to certain employees or former employees who are or may become eligible to receive benefits. 29 U.S.C. § 1002(7). "Beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to benefits thereunder." 29 U.S.C. § 1002(8). The court finds that Neuma fits the definition of "beneficiary" as Neuma is the assignee of O'Hara's rights under the policy. *See Principal Mut. Life Ins. Co. v. Charter Barclay Hosp., Inc.*, 81 F.3d 53, 55 (7th Cir.1996).

Du Pont further argues that Neuma does not fit the definition of "beneficiary" as was defined by the Supreme Court in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The

Court defined the terms "participant" and "beneficiary" to include individuals who have a "colorable claim to benefits." *Id.* at 117, 109 S.Ct. 948. Du Pont asserts that because Neuma does not have a colorable claim for benefits, it cannot be considered a "beneficiary."

Whether or not Neuma has an actual claim for benefits is not appropriately considered in a motion to dismiss. Viewing Neuma's complaint in a light most favorable to them, the court finds that they have an arguable claim for benefits. Since Neuma's complaint on its face adequately states a claim for violation of 29 U.S.C. § 1132(c), Du Pont's motion to dismiss count II for failure to state a claim is denied.

## III. *CONCLUSION*

For the foregoing reasons, the court denies Du Pont's motion to dismiss counts I and II of Neuma's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Du Pont is given until July 20, 1998 to file an answer to the complaint.