

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2003

# Greer v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket 01-2943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Greer v. Smith" (2003). *2003 Decisions.* Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2943

LARRY L. GREER

Appellant

v.

BRUCE SMITH, Deputy Super.; LINDA J. NAVROTH; KEN KERESTES; O'CONNOR, Dr.;
STALLINGS, Dr.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-CV-00078)
District Court Judge: Muir, Malcolm

Argued on February 10, 2003

Before: ALITO and McKEE, <u>Circuit Judges</u>, and SCHWARZER, <u>Senior District Judge</u>[*]

(Opinion Filed: March 10, 2003)

Mark H. Lynch
Robert J. Lundman (argued)
Covington & Burling

---

[*]The Honorable William W Schwarzer, Senior District Judge for the Northern
District of California, sitting by designation.

1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401

*Counsel for Appellant*

James M. Sheehan
General Counsel
Commonwealth of Pennsylvania

Michael A. Farnan
Chief Counsel
Pennsylvania Department of
Corrections

Raymond W. Dorian (argued)
Assistant Counsel
Pennsylvania Department of
Corrections
55 Utley Drive
Camp Hill, PA 17011

*Counsel for Appellee*

-----

OPINION OF THE COURT

-----

PER CURIAM:

Larry L. Greer appeals from the District Court's dismissal of his action brought

pursuant to 42 U.S.C. §1983, in which he alleged a violation of his constitutional rights. The

District Court did not address the merits of the claim but rather dismissed the suit for

failure to exhaust administrative remedies as required by the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. §1997(e)(a).

-2-

The relevant provision of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. §1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e)(a). While the District Court concluded correctly that the PLRA exhaustion provision applies to the plaintiff, the Court erred by granting the defendants' motion to dismiss for failure to exhaust solely on the basis of representations made in an affidavit submitted by the defendants. Subject to a few narrow exceptions not applicable in this case,[1] Rule 12(b) of the Federal Rules of Civil Procedure requires a District Court to convert a motion to dismiss to a motion for summary judgment if the Court considers materials outside the plaintiff's pleading, such as the affidavit relied upon in this case. Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

The Rule directs that

[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

---

[1]Exceptions to the general rule of conversion have been made where the materials considered at the dismissal stage are either public records deemed to be undisputably authentic or materials directly relied upon in the plaintiff's complaint. See eg Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

FED. R. CIV. P. 12(b); See also, e.g., Carter v. Stanton, 405 U.S. 669, 671 (1972). In the present case, the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and "a reasonable opportunity to present all material made pertinent" to the motion. FED. R. CIV. P. 12(b).

Accordingly, we vacate the District Court's order dismissing the complaint without prejudice and remand for further proceedings to determine whether the defendants sustained their burden of proving that the plaintiff failed to exhaust all available administrative remedies in accordance with the PLRA exhaustion requirement. See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).